UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREI PADASHEUSKI,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>AUTO EXPO ENT INC.;<br>ABC CORPORATIONS 1 to 10;<br>and JOHN DOES 1 to 10,<br><br>　　　　　　Defendants, | Civil Action No. 23-cv-7903<br><br>**COMPLAINT**<br>**and JURY DEMAND** |

## I. NATURE OF THE CASE

1. Plaintiff Andrei Padasheuski brings claims against Defendants, a used car dealership and its owners, under Article 22-A of New York General Business Law ("NYGBL"), N.Y. Gen. Bus. Law §§ 349–350-f-1, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and New York City Administrative Code § 20-700, based on Defendants' unlawful acts in connection with the sale and disposition of a vehicle purchased by Plaintiff.

2. Defendants engaged in unlawful conduct by, *inter alia*, charging Plaintiff amounts in excess of the price listed on the sales contract—including overcharging for vehicle preparation, administrative fees, and service fees—and by failing to disclose the vehicle's prior accident history.

3. Plaintiff seeks monetary damages, injunctive and equitable relief, and attorney's fees and costs as a result of Defendants' unlawful acts.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction to adjudicate this matter pursuant to 15 U.S.C. § 1640.

5. This Court has authority to issue a declaratory judgment pursuant to 28 U.S.C. §

2201 and § 2202.

6. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. Venue in this District is proper under 28 U.S.C § 1391 because a substantial part of the events and omissions complained of took place in this District and several of the defendants maintain offices, transact business, and are otherwise found in this district.

### III.   PARTIES

8. Plaintiff Andrei Padasheuski resides in Brooklyn, New York.

9. Defendant Auto Expo Ent Inc. ("Auto Expo") is a domestic business corporation and used car dealership located at 46 Northern Boulevard, Great Neck, New York 11021.

10. Defendants ABC Corporations 1 to 10 and John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendant that are the subject of this Complaint. Those defendants personally control the illegal acts, policies, and practices utilized by Defendant and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint. Those fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

### IV.   FACTUAL ALLEGATIONS

11. In or around October of 2022, Defendant Auto Expo Ent Inc. ("Auto Expo") advertised for sale on their website a used 2019 Honda Civic ("Vehicle") being sold at Auto Expo's Great Neck, New York location at a price of $19,495.00. See **Exhibit A**.

12. On October 23, 2022, Plaintiff went with a friend to the dealership to inspect the Vehicle and subsequently purchased the vehicle for a sale price of $19,000.00 with a cash downpayment of $7,000.00.

13. After the sale price was agreed upon, Auto Expo informed Plaintiff that a $2,000 charge for vehicle preparation and paperwork fees would be added to the total purchase price. Plaintiff also purchased an aftermarket extended warranty.

14. Defendants' agent or representative then assisted Plaintiff in executing an auto loan in the amount of $20,998.60, however, Plaintiff was not informed of the total amount or cost of the loan or made aware that the loan amount exceeded the remaining principal balance of the total agreed upon sale price of the Vehicle by approximately $8,000.00. *See* Retail Buyer's Order ("RBO") and Retail Installment Sales Contract ("RISC") attached hereto as **Exhibit B**.

15. Soon thereafter, Plaintiff realized that the executed RISC listed the Vehicle's purchase price as $23,283.00; however, at the time of the sale, Plaintiff was informed that the total cost, including all fees, would be $19,000.00.

16. After multiple attempts to contact Defendants, Plaintiff went to the dealership and inquired as to why he was charged $23,283.00 for the Vehicle when the agreed upon total price was $19,000.00. In response, Defendant stated that it is their policy to charge $3,000.00 in services fees despite previously informing Plaintiff the total cost for fees was $2,000.00.

17. Plaintiff inquired about returning the vehicle, citing Defendant's 7-day return policy; however no return of refund was issued and the policy has since been removed from Defendant's website.

18. Additionally, Defendant failed to inform Plaintiff about the Vehicle's accident history.

19. As a result of Defendants' unlawful actions, Plaintiff has suffered economic loss, including:

    a. All amounts he paid towards the Vehicle;

    b. All amounts he paid towards the service fees, vehicle preparation fees, paperwork fees, and extended warranty; and

    c. Any and all monies paid for interest on the fraudulent loan.

## V. FIRST COUNT
## Violations of New York General Business Law

20. Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

21. Defendants engaged in fraudulent and deceptive practices prohibited by N.Y. Gen. Bus. Law § 349.

22. N.Y. Gen. Bus. Law § 349 makes unlawful any deceptive acts or practices in the conduct of any business, trade, or commerce.

23. Defendants violated N.Y. Gen. Bus. Law § 349 by, *inter alia:*

    a. Engaging in an act or practice that is consumer-oriented;

    b. Misrepresenting facts or taking actions that were misleading in a material way;

    c. Injuring Plaintiff as a result of malfeasance.

24. Plaintiff was injured and aggrieved as a result of Defendant's misrepresentations of the Vehicle's quality, accident history, purchase price, and total price.

25. Defendant breached the covenant of good faith and fair dealing by engaging in deceptive trade practices contrary to the laws of the State of New York.

26. Defendant's misrepresentations related to the quality and purchase price of the vehicle constitute deceptive acts prohibited under N.Y. Gen. Bus. Law § 349.

27. Additionally, N.Y. Gen. Bus. Law § 350 prohibits false advertising in the conduct of any business, trade, or commerce.

28. Defendants' misrepresentations constitute "[f]alse advertising" prohibited by N.Y. Gen. Bus. Law § 350 and defined by N.Y. Gen. Bus. Law § 350-a

29. Plaintiff reasonably relied upon Defendant's misrepresentations when inspecting and purchasing the Vehicle.

30. Defendant breached their duty of good faith and fair dealing to Plaintiff in violation of the N.Y. Gen. Bus. Law §§ 349–350-f-1.

31. As a result of Defendants' violations, Plaintiff is entitled to statutory damages, actual damages, attorney's fees and costs, and any and all such other relief the Court deems equitable and just.

## VI.   SECOND COUNT
### Violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*

32. Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

33. Defendants violated the Truth in Lending Act ("TILA") 15 U.S.C. § 1601, *et seq.*, by failing to fully and accurately disclose the costs associated with purchasing the Vehicle.

34. TILA is a remedial statute that is designed to permit borrowers to make informed judgements about the use of their credit.

35. Plaintiff was denied of his ability to make an informed decision by Defendant's misrepresentations over the total amount and cost of fees, the sale price of the Vehicle, and the total purchase price of the Vehicle.

36. Defendants violated TILA against Plaintiff by, *inter alia*, using materially uniform representations to persuade the Plaintiff that a particular charge or fee was incident to financing.

37. Plaintiff relied on Defendant's representations because the fee provided no obvious value and had no obvious appeal to the customer other than its connection to financing.

38. TILA provides a non-exclusive list of charges that are included in the finance charge, including:

    a. Interest, time price differential, and any amount payable under a point, discount, or other system of additional charges;

    b. Service or carrying charge;

    c. Loan fee, finders fee, or similar charge;

    d. Fee for an investigation or credit report.

    e. Premium or other charge for any guarantee or insurance protecting the creditor against the obligor and default or other credit loss.

    f. Borrower-paid mortgage broker fees, including fees paid directly to the broker or the lender (for delivery to the broker) whether such fees are paid in cash or financed.

39. Defendant failed to disclose all of the fees and costs charged during the purchase and financing of the Vehicle at the time of purchase, included hidden fees and costs, and misrepresented the total amount of fees and costs.

40. As a result of Defendant's unlawful actions, Plaintiff has suffered an ascertainable loss, including:

    a. All amounts paid towards the Vehicle; and

    b. All amounts paid towards the service fees, vehicle preparation, paperwork fees, and extended warranty; and

    c. All amounts paid towards interest on the loan.

## VII. THIRD COUNT
### Violations of the New York City Administrative Code Title 20

41. Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

42. Defendant engaged in unconscionable commercial practices, deception, fraud, false promises, false pretenses and/or misrepresentations, as specified above, in their interactions with Plaintiff in violation of N.Y.C. Admin. Code § 20-700.

43. Plaintiff is a "[c]onsumer" as defined by N.Y.C. Admin. Code § 20-701.

44. Defendant is a "[m]erchant" as defined by N.Y.C. Admin. Code § 20-701.

45. Defendant engaged in deceptive trade practice as defined by N.Y.C. Admin. Code § 20-701 by, *inter alia.*;

    a. failing to disclose the Vehicle's accident history;

    b. advertising amounts of fees and costs which were different than the amounts actually charged to Plaintiff;

    c. misrepresenting material facts relating to the vehicle and the sale of the vehicle; and

    d. altering the agreed-upon price of the vehicle without Plaintiff's knowledge or consent.

46. Defendant has a clearly established duty under N.Y.C. Admin. Code to provide all pertinent information related to the cost and sale of the Vehicle but failed to do so.

47. Defendant failed to provide Plaintiff with accurate information related to the Vehicle's prior history and/or the fees that Plaintiff would be charged.

48. Plaintiff is entitled to damages for Defendant's violations of N.Y.C. Admin. Code § 20-700.

## VIII. FOURTH COUNT
### Fraud

49. Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

50. Defendants induced the Plaintiff to purchase the Vehicle by the misrepresentation of materials facts and omission of material facts by:

    a. Misrepresenting the purchase price of the Vehicle;

      b.      Misrepresenting that the total price of the Vehicle including all fees would be $19,000;

      c.      Misrepresenting the fees "[p]aid to public officials, including filing fees";

      d.      Failing to inform Plaintiff that the Vehicle was involved in a prior car accident

51. Defendants knew such representations were false, and their omissions were material and important. Defendants intended to deceive the Plaintiff, which Plaintiff was, to the Plaintiff's detriment, suffering damages as a result.

52. The Plaintiff is entitled to monetary and punitive damages.

**WHEREFORE**, Plaintiff respectfully requests relief as follows:

A. For a declaratory judgment that Defendants violated §§ 349-350 of the New York General Business Law; the Truth and Lending Act, 15 U.S.C.S. § 1601, *et seq.*, and New York City Administrative Code § 20-700;

B. For injunctive relief requiring Defendants to provide an accounting of all amounts charged to Plaintiff in connection with the Plaintiff's purchase of the Vehicle;

C. For injunctive relief prohibiting Defendants from future violations of the NYGBL, TILA, and N.Y.C. Admin. Code similar to the violations described herein;

D. For actual damages;

E. For compensatory damages;

F. For a refund of all monies collected via an unlawful act pursuant to N.Y. Gen. Bus. Law § 349 and N.Y.C. Admin. Code § 20-700;

G. For maximum statutory damages pursuant to the NYBGL, N.Y.C. Admin. Code, and TILA;

H. For reasonable attorney's fees and costs of suit in connection with this action pursuant to the N.Y. Gen. Bus. Law § 349(h), 15 U.S.C. § 1640, and N.Y.C. Admin. Code § 20-703;

I. For pre-judgment and post-judgment interest;

J. For such other and further relief as the Court deems equitable and just.

### IX. JURY DEMAND

Plaintiff demands a trial by jury on all issues subject to trial by jury.

                                          KIM LAW FIRM LLC

                                          */s/Yongmoon Kim*
                                          Yongmoon Kim

Date:   October 23, 2023