## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREI PADASHEUSKI,<br><br>      Plaintiff,<br><br>  vs.<br><br>AUTO EXPO ENT INC.;<br>ABC CORPORATIONS 1 to 10;<br>and JOHN DOES 1 to 10,<br><br>      Defendants, | Civil Action No. CV 23-7903 (RER)(ARL)<br><br>**RULE 26(f) REPORT** |

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on **February 23, 2024** and was attended by:

 **Yongmoon Kim**, counsel for plaintiff and

 **Kyle F. Monaghan,** counsel for defendant.

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1.  INITIAL DISCLOSURES

   Have the parties agreed to make initial disclosures?

    **X** Yes     \_\_\_\_\_No    _____ The proceeding is exempt under Rule 26(a)(1)(B).

   If yes, such initial disclosures shall be made by **April 23, 2024.**

2.  VENUE AND JURISDICTION

   Are there any contested issues related to venue or jurisdiction?

    \_\_\_\_\_Yes       **X** No

   If yes, describe the issue: **N/A**

   If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by **N/A**.

3.  PARTIES AND PLEADINGS

   a. The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by **July 23, 2024.**

Page **1** of **4**

    b. If the case is a class action, the parties agree that the motion for class certification shall be filed by **N/A**.

4. MOTIONS

    Are there any pending motion(s)? ___Yes   __**X**__No

    If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number: **N/A.**

5. ISSUES

    Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand (an attachment may be provided to complete this section):

    **Plaintiff Andrei Padasheuski brings claims against Defendants, a used car dealership and its owners, under:**

        1.    **N.Y. Gen. Bus. Law §§ 349–350-f-1,**
        2.    **Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq.,**
        3.    **New York City Administrative Code § 20-700, and**
        4.    **A theory of common law fraud**

    **Plaintiff alleges that Defendants engaged in unlawful conduct in their sale of a used vehicle to Plaintiff, as well as in their furnishing of a loan to finance the sale.**
    **A jury trial is demanded.**

    **Defendant denies any wrongdoing. Further, Defendant alleges that Plaintiff failed to timely file his cause of action by one day as the Truth in Lending Act has a one-year statute of limitations, and Plaintiff filed the instant lawsuit one-year and one-day after the transaction occurred.**

6. DISCOVERY PROCEDURES

    a. The parties agree that all discovery, inclusive of expert discovery, shall be completed by **September 23, 2024**. The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period, allowing for a timely response. If, after having met and conferred, the parties are unable to reach an agreement on any matter related to discovery, they may seek the Court's assistance by letter motion pursuant to Local Rule 37.3 and in accordance with Judge Lindsay's Individual Rules.

    b. Do the parties anticipate the production of ESI?  ___Yes  __**X**__No

        If yes, describe the protocol for such production:

    c. Do the parties intend to seek a confidentiality order? **NO.**

       If yes, such order or agreement shall be filed with the Court by **N/A.**

7.    EXPERT TESTIMONY

     a. Primary expert reports must be produced by **July 25, 2024.**

     b. Rebuttal expert reports must be produced by **August 26, 2024.**

The schedule for expert discovery must be set in such a way to be completed before the discovery end date set for in paragraph 6(a). Absent a court order, this includes the time needed to complete expert depositions.

8.    DISPOSITIVE MOTIONS

Any party planning on making a dispositive motion must take the first step in the motion process by **October 23, 2024**. It is expected that dispositive motion practice will commence approximately two weeks following the close of discovery.

9.    SETTLEMENT

Settlement discussions have \_\_\_\_\_ / have not **X** taken place.

Counsel for the parties have discussed an informal exchange of information in aid of early settlement in this case and have agreed upon the following:

No later than one week after the close of discovery, counsel for all parties must meet to discuss settlement and file a joint letter updating the Court on the status of the case, including but not limited to confirming that the settlement discussion occurred.

  The parties agree to make a good faith effort to settle this case. The parties understand that this case may be referred to an attorney mediator for a settlement conference. The use of any alternative dispute resolution mechanism does not stay or modify any date set forth in the scheduling order.

In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference.

10.    RULE 16 PRETRIAL CONFERENCE

Upon receipt of this Form the court will schedule a Rule 16 conference by telephone.

11.    CONSENT TO MAGISTRATE JUDGE

Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)

  \_\_\_ Yes  **X**  No

12.    OTHER MATTERS

Indicate any other matters for the Court's consideration:

13.    Once approved any request for modification of this scheduling order must be in writing, and

submitted in accordance with the undersigned's Individual Rule 1 (D) which requires that applications be made at least forty-eight hours before the scheduled appearance or deadline. All parties are advised that they are under a continuing obligation to keep the Court apprised of any changes in their contact information including, but not limited to, their addresses. Failure to do so could lead to the entry of a dismissal or default.

Dated: February 23, 2024

| KIM LAW FIRM LLC | MILMAN LABUDA LAW GROUP PLLC |
|---|---|
| <u>s/Yongmoon Kim</u><br>Yongmoon Kim, Esq.<br>Email: ykim@kimlf.com<br>411 Hackensack Avenue, Suite 701<br>Hackensack, NJ 07601<br>Tel. & Fax: (201) 273-7117<br><br>*Attorneys for Plaintiff* | <u>s/Kyle Monaghan</u><br>Kyle Monaghan, Esq.<br>Email: kyle@mllaborlaw.com<br>3000 Marcus Avenue, Suite 3W8<br>Lake Success, NY 11042-1073<br>Telephone: (516) 328-8899<br><br>*Attorneys for Defendant Auto Expo Ent. Inc.* |